UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENDRID [KENDRICK] WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | |
| **KEITH DEVILLE, WARDEN** | **NO. 12-0738-SDD-RLB** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 4, 2014.

_____
    RICHARD L. BOURGEOIS, JR.
    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KENDRID [KENDRICK] WILLIAMS**                                      **CIVIL ACTION**

**VERSUS**

**KEITH DEVILLE, WARDEN**                                                   **NO. 12-0738-SDD-RLB**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State has filed a Procedural Objection in response thereto and the Petitioner has filed a Response in Opposition to the State's Objection. There is no need for oral argument or for an evidentiary hearing.

The Petitioner, Kendrid Williams, filed the instant habeas corpus proceeding challenging his conviction and 20-year sentence, entered upon a plea of guilty in the Eighteenth Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, on a charge of attempted manslaughter, a violation of La. R.S. 14:27 and 14:31. The Petitioner asserts that he was provided with ineffective assistance of counsel prior to his trial and plea agreement and that, as a result, his guilty plea was effectively coerced and was not freely and voluntarily given. Specifically, he contends that his retained attorney was conspicuously absent and unavailable during all aspects of pre-trial proceedings and that, on the morning of trial, an ill-prepared and inexperienced attorney enrolled as additional counsel, resulting in the Petitioner feeling under duress to enter into the resulting plea agreement.

Upon a review of the Petitioner's application and the state court record, it appears that he was charged by bill of information on April 27, 2010, with attempted first degree murder and that, on the morning of trial, January 10, 2011, he entered into a plea agreement with the State, pursuant to which he agreed to plead guilty to attempted manslaughter and to accept a sentence of twenty (20) years in confinement. The trial court accepted the plea agreement and sentenced the Petitioner on the same date. The Petitioner filed a *pro se* Motion to Reconsider Sentence, which Motion was denied on February 22, 2011. The Petitioner did not pursue an appeal from the conviction or sentence. As a result, his conviction and sentence became final on or about March 24, 2011, thirty (30) days after the denial of his Motion to Reconsider Sentence in the state trial court.

On or about September 23, 2011, the Petitioner filed a *pro se* application for post-conviction relief in the state trial court asserting (1) that he was provided with ineffective assistance prior to his trial and plea agreement, resulting in a guilty plea that was the result of duress and coercion and was not freely and voluntarily given, (2) that he was denied due process because there was insufficient evidence connecting him to the charged offense, (3) that the trial court abused its discretion in accepting the plea because there was an insufficient factual basis, and (4) that the sentence imposed was excessive. That application was denied by the state trial judge, without a hearing, on October 6, 2011. The Petitioner thereafter sought further review in the Louisiana Court of Appeal for the First Circuit, and on February 13 and May 8, 2012,

respectively, the intermediate appellate court denied review.[1]  The Petitioner did not seek further review before the Louisiana Supreme Court.

The Petitioner filed the instant habeas corpus proceeding in this Court on November 26, 2012.  No evidentiary hearing is required.  As asserted by the State, the Petitioner's application is subject to dismissal because he has failed to exhaust state court remedies relative to the claims asserted herein.

Pursuant to 28 U.S.C. § 2254(b) and (c), a claimant seeking federal habeas corpus relief is required to first exhaust his claims by presenting them for review before the courts of the state in which he is confined.  The exhaustion requirement is satisfied only when a petitioner's claims have been properly presented to the state's highest court, either on direct review or on post-conviction attack.  *Bufalino v. Reno,* 613 F.2d 568, 570 (5th Cir. 1980); *Lathers v. Cain*, 2011 WL 1793274, *5 (M.D. La. April 7, 2011).  As a general rule, federal habeas corpus relief is available on a habeas petition only when all of the claims in the petition have been exhausted through the state courts.  *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

Without reaching the merits of the Petitioner's claims, it is clear from a review of the Petitioner's application and the state court record that he has not exhausted state court remedies relative to the claims asserted in this proceeding.  Specifically, the Petitioner has failed to assert that he proceeded with a review of his claims before the Louisiana Supreme Court.  In addition, the State has asserted that there is no record of any application for supervisory review having been filed by the Petitioner with that Court.  Finally, the Petitioner has essentially conceded this

---

1. The record reflects that the Petitioner's first-filed application for review before the First Circuit Court of Appeal was denied on February 13, 2012, "on the showing made," because the Petitioner had failed to include with the application all documentation necessary for a review of his claims.  Upon thereafter supplying the pertinent documentation, the Petitioner's application was denied, without comment, on May 8, 2012.

point in his Response in Opposition to the State's Procedural Objections, Rec. Doc. 13, by arguing that review in the Louisiana Supreme court is effectively "unavailable" to him because Louisiana procedural law "does not provide for a right to approach the Louisiana Supreme Court for review of the denial of an application for post-conviction relief." *Id.* at p. 2.  The Petitioner argues, therefore, that "it is not necessary that applicants present their claim[s] to the Louisiana Supreme Court in order to satisfy the exhaustion doctrine prior to presenting their claim to the federal system." *Id.*

Notwithstanding the Petitioner's argument, and notwithstanding that Louisiana procedural law does not provide for a right of *appeal* from a denial of an application for post-conviction relief, such an application is "subject to review by the Louisiana court of appeals, and thereafter by the Louisiana Supreme Court, in each court's discretion through its supervisory jurisdiction." *Wilson v. Foti*, 832 F.2d 891, 893 (5th Cir. 1987).  *See also* Louisiana Supreme Court Rule X, § 5(a) (referring to the appropriate procedure for filing "[a]n application seeking to review a judgment of the court of appeal ... after a denial of an application [for supervisory review]").  In *Wilson v. Foti*, the Fifth Circuit concluded that the discretion of the Louisiana Supreme Court to entertain an application for supervisory review from a denial of post-conviction relief in the intermediate appellate court was sufficiently broad that federal courts could not confidently anticipate which applications the Supreme Court would entertain. *Id.* at 894.  Accordingly, the Fifth Circuit found that review by the Louisiana Supreme Court was "available" within the meaning of the exhaustion requirement and that a habeas petitioner who had not pursued such review had not adequately exhausted his state court remedies. *See also Terry v. Cain*, 2013 WL 634846 (M.D. La. Jan. 8, 2013) (reiterating that, because of the broad discretion of the Louisiana Supreme Court to entertain writ applications filed with respect to

post-conviction relief proceedings, "exhaustion of state court remedies ... requires presenting the claims to the Louisiana Supreme Court also"), *Magistrate Judge's Recommendation approved,* 2013 WL 634499 (M.D. La. Feb. 20, 2013); *Brown v. Cain*, 1995 WL 442085, *3 (E.D. La. July 21, 1995) (noting that a federal habeas petitioner should present his claims through a writ application before the Louisiana Supreme Court); *Stevenson v. State*, 1992 WL 40846 (E.D. La. Feb. 21, 1992) (finding that, whereas two of the petitioner's federal habeas claims had been properly exhausted through presentation in a writ application before the Louisiana Supreme Court, the remaining two claims had not been so exhausted). Accordingly, inasmuch as the Petitioner was required to present his claims for review before the Louisiana Supreme Court and inasmuch as he has not done so in this case, his application in this Court is subject to dismissal for this reason.

## Certificate of Appealability

Pursuant to statute, an appeal may not be taken to the federal court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the Petitioner has not yet filed a Notice of Appeal, this Court may nonetheless address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006)

(Emphasis in original).  In the instant case, the Court finds that reasonable jurists would not debate the denial of the Petitioner's § 2254 application or the correctness of the procedural ruling.  Accordingly, it is appropriate that, in the event that the Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

## RECOMMENDATION

It is recommended that the Petitioner's application for habeas corpus relief be dismissed, without prejudice, for failure to exhaust state court remedies as mandated by 28 U.S.C. § 2254(b) and (c).  It is further recommended that, in the event that the Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on February 4, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**